202083

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KELVIN A. DIXON | : | |
| Plaintiff(s), | : | DOCKET NO. |
| v. | : | |
| JOSE G. MENSES, WALMART TRANSPORTATION, INC., JOHN DOES/ABC CORPS. 1-10 and JOHN DOES/ABC CORPS. 11-20 | : | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY:

Defendant, Walmart Transportation, LLC (i/p/a Walmart Transportation, Inc.), through

its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1.     At all material times, plaintiff, Jose G. Menses, was and is a citizen of the

Commonwealth of Pennsylvania, residing at 220 Seventh Street, Easton, Pennsylvania.  (See

Plaintiff's Complaint, attached as Exhibit "A.")

2.     At all material times, defendant Jose G. Meneses was and is a citizen of the State

of New Jersey, residing at 333 47th Street, Union City, New Jersey.

3.     At all material times, defendant, Walmart Transportation, LLC (i/p/a Walmart

Transportation, Inc.) was an is a limited liability company organized under the laws of the State

of Delaware, with its principal place of business in Arkansas.

{J0455398.DOCX}

4.      Defendant Walmart Transportation, LLC (i/p/a Walmart Transportation, Inc.) is a wholly-owned subsidiary of Walmart, Inc., a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas.

5.      Plaintiff commenced a civil action against defendants in the Superior Court of New Jersey, Somerset County Law Division.  A copy of the Summons and Complaint was served on defendant Walmart Transportation, LLC (i/p/a Walmart Transportation, Inc.), on or about January 4, 2019.

6.      Upon information and belief, a copy of the Summons and Complaint has not been served upon defendant, Jose G. Meneses.

7.      If a case stated by the initial pleading is removeable, the defendant must file a removal petition within 30 days of its receipt through service or otherwise of said initial pleading.  28 U.S.C. § 1446(b)(1.)  Accordingly, this petition for removal is timely filed.

8.      Although plaintiff's Complaint does not seek a specific amount of damages in its *ad damnum* clause, the Complaint alleges that Plaintiff's decedent sustained

> severe, painful and permanent bodily injuries, which injuries necessitated medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual activities, caused him to incur medical expenses, and will in the future cause similar incapacity, pain and suffering and/or require future medical treatment." (See Exhibit "A" at ¶ 4.)

9.      The Complaint also contains a demand for compensatory damages, medical expenses, interest, attorneys' fees and costs of suit.  (See Exhibit "A" at *ad damnum* clauses of counts I-III.)

10.     If a Complaint does not allege a specific amount of damages, it is removeable if the removal petition contains a plausible allegation that the amount in controversy exceeds the

{J0455398.DOCX}

jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014.)

11.    In the absence of specific allegations of injury, categories of damages plausibly establish the amount in controversy. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 521-522 (D.N.J. 2007) (plaintiff's unopposed motion for remand was denied when the plaintiff alleged unspecified personal injuries as the result of having been bitten by a raccoon on defendants' premises.)

12.    Plaintiff in the instant action filed a Complaint alleging that he sustained "severe, painful and permanent" bodily injuries, "great" pain and suffering, medical expenses, and past and future incapacity.   (See Exhibit "A.")   New Jersey recognizes permanent injuries as significant elements of damages because permanent injury is one of only six narrowly-tailored categories of damage severe enough to overcome the limited tort threshold, along with death, dismemberment, significant disfigurement or scarring, displaced fractures and loss of a fetus. N.J.S.A. 39:6-8.

13.    Plaintiff's Complaint further asserts a demand for attorneys' fees which should be included in the amount-in-controversy calculus and which "alone can exceed six figures." *Raspa*, 533 F. Supp. 2d at 522.

14.    Accordingly, Plaintiff's Complaint alleges damages that establish by a preponderance of competent, admissible evidence an amount in controversy exceeding the federal jurisdictional threshold of $75,000.

15.    Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

    a.   Plaintiff was and is a citizen of the Commonwealth of Pennsylvania;

{J0455398.DOCX}

b.  Defendant, Walmart Transportation, LLC was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Arkansas and its sole owner/parent is a corporation organized under the laws of the State of Delaware with its principal place of business in Arkansas; and

c.  Defendant, Jose G. Meneses, was and is a citizen of the State of New Jersey.

16.    As defendant Jose G. Meneses has not been served, his consent to removal is not required per 28 U.S.C. § 1446(b)(2.) *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (a named defendant does not become a party to the action until he has been formally served.)

17.    Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

WHEREFORE, defendant, Walmart Transportation, LLC (i/p/a Walmart Transportation, Inc.) herein prays that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Somerset County, be removed therefrom to this Honorable Court.

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: _____
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
Attorneys for Defendant,
Walmart Transportation, LLC

Dated: 1-18-19

{J0455398.DOCX}